UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 16-33-HRW

SANDRA DUNN,                                                              PLAINTIFF,

v.                        MEMORANDUM OPINION AND ORDER

WAL-MART STORES, EAST, LP,                                                DEFENDANT.

This matter is before the Court upon Defendant Wal-Mart Stores East, LP's Motion for Summary Judgment [Docket No. 20]. The matter has been fully briefed [Docket Nos. 20-1. 24 and 27]. For the reasons set forth herein, the Court finds that Defendant is entitled to judgment as a matter of law.

I.

This case arises from a trip-and-fall which occurred at the Wal-Mart in Cannonsburg, Kentucky on October 28, 2014 [Docket No. 1-2, Complaint, ¶7]. Plaintiff alleges that on that day, she was shopping at the Wal-Mart and fell on the concrete sidewalk outside of the store's Tire and Lube Express Department. Specifically, she maintains that she tripped over an uneven sidewalk expansion joint [Docket No. 20-2, Deposition of Plaintiff, pg. 62]. In her deposition, Plaintiff testified that she did not see her foot catch on anything before she fell. *Id.*. Instead, she was looking straight ahead when she tripped and fell. *Id.* at 74. She did not see any uneven portion of the sidewalk until after she fell. *Id.* at 71. Once she fell, she claims the uneven sidewalk was easy to see and obvious. *Id.* at 71-72. Further, she stated that sees expansion joints

like this all the time, although she walks around them. *Id.* at 74. She previously has encountered expansion joints, concrete slabs, or pieces of pavement coming together, like she saw after falling, and she expects to see this type of thing when walking outside. *Id.* at 70-71.

Plaintiff claims to have suffered significant injury resulting from the fall, to the extent that she underwent knee surgery [Docket No. 1-2, ¶ 8].

Plaintiff sued Wal-Mart for negligence in Boyd Circuit Court, seeking payment of medical expenses, lost wages, and damages for her pain and suffering and her impaired capacity to earn money.

The case was removed to this Court upon the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332.

Defendant now seeks summary judgement, arguing that Plaintiff has failed to bring forth any evidence that Wal-Mart breached a duty to her or caused the accident.

## II.

Summary judgment is appropriate when "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgement as a matter of law." Fed.R.Civ.Proc. 56( c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-325 (1986).

The moving party bears the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir.2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied this burden, the nonmoving party

must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue in dispute. *Hall Holding*, 285 F.3d at 424 (*citing Celotex Corp.*, 477 U.S. at 324).

The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir.1989). In making this determination, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir.2001). Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Id.*

To prevail on a negligence claim under Kentucky law, the plaintiff must prove that the defendant 1) owed the plaintiff a duty of care, 2) the defendant breached the standard of care by which his or her duty is measured, and 3) that the breach was the legal causation of the consequent injury. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88–89 (Ky.2003). The failure to establish the existence of any one of these elements is fatal to a negligence claim. *M & T Chemicals, Inc. v. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974).

### III.

With respect to the first element, that of duty, it is well established that Wal-Mart owes a duty to its customers to maintain its premises in a reasonably safe condition as well as an affirmative duty to reasonably inspect its premises in order to discover and remedy potentially dangerous conditions or otherwise warn its customers of such conditions. *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 433 (Ky. 2003). The duty is one of ordinary care, and does not

require Wal-Mart to keep its premises absolutely safe. *Id.* A store owner is not an insurer of its customers' safety and he is not absolutely liable to his customers. *Id.*

Included in the record of this case is a video of Plaintiff's fall, which was taken by the store's camera system. Also in the record are photographs taken by Plaintiff, subsequent to the incident.[1] Although it is apparent there is a slight elevation in the sidewalk due to the expansion joint, there appear to be no defects in the sidewalk, which begs the question, is the existence of the expansion joint evidence of negligence? Plaintiff's own testimony belies any argument that the expansion joint presented an unreasonably dangerous condition; she conceded that not only has she encountered expansion joints in the past she "expects to see like things" and usually "walks around them." [Docket No. 20-2, Deposition of Plaintiff, pg. 70, 74].

In the context of premises liability, Kentucky courts have consistently deemed step-ups or step-downs not to be conclusive evidence of negligence in the absence of some other exacerbating factor, such as dim or dark conditions, defects in the structure or some attempt to cover or conceal the change in elevation. For example, in *J. C. Penney Co. v. Mayes*, 255 S.W.2d 639 (Ky. 1952), Plaintiff Mayes fell when stepping off a sidewalk into J.C. Penney's vestibule. The sidewalk was 3½ to 4 inches higher than the vestibule. The court held that because the step-down and vestibule were in good repair and in plain view, it was reasonably safe. The court explained:

---

[1] Plaintiff returned to the store after she fell in order to take photographs of the area where she believes she fell. *Id.* at 65-67; *see* Plaintiff's photographs, attached as Exhibit 9 to Defendant's motion. Plaintiff testified that she believes she fell in the area marked between the two "Xs." *Id.* Wal-Mart does not believe this is where Plaintiff fell. However, this area, like the area in the video, clearly shows no defect in the sidewalk.

4

> It has been uniformly held that merely because a step-up or a step-down, or a flight of steps up and down, is maintained at the entrance to a store building, this in itself is no evidence of negligence, if the step or steps are in good condition and in plain view.... It is a matter of common observation that the entrance to or exit from buildings employed for every conceivable purpose often adjoin surfaces that are frequently at different levels as compared with these buildings, so that this variance has to be overcome by one or more steps of greater or less height, and property owners have a right to construct their buildings in this manner in reliance on this common observation and assume that those who may frequent their buildings will exercise ordinary circumspection to their footing.

*Id.* at 641-642.

In this case, the elevation was less than the almost 4-inch drop deemed safe in *Mayes*. As in *Mayes*, the expansion joint encountered by Plaintiff was not an out-of-the-ordinary obstacle, but one that is often present in public spaces. Plaintiff herself conceded as much. There is nothing in the record which suggests the expansion joint was not in good repair or otherwise defective.

Also illustrative is *Spears v. Robert A. Schneider, d/b/a Sweet Tooth Candies; and Cincinnati Ins. Co.*, No. 2012-CA-000065-MR, 2015 Ky. App. Unpub. LEXIS 308 (Ky. App. May 8, 2015). The alleged hazard at issue in *Spears* was "a level step from a business onto an unlevel city sidewalk." *Id.* at *7. The Kentucky Court of Appeals found the hazard to be "hardly uncommon." *Id.*

> Unless we are able to eliminate hills in our towns and cities, it will be a hazard business patrons must forever negotiate. This step to the city sidewalk is not unlike the examples given in *Shelton* of an open-an-obvious [sic] hazard that does not create an unreasonable

5

> risk – "a small pothole ... steep stairs leading to a place of
> business; or perhaps even a simple curb." *Id.* at 914. The steps
> were well maintained, well-lit, and a handrail was available. We
> cannot imagine what more Sweet Tooth could have done to
> eliminate this hazard.

*Id.*

The court concluded that no reasonable person would find the steps an unreasonable risk to invitees. *Id.* at *9. The court found the risk was obvious to a reasonable person and would be "safely descended by anyone who was minimally attentive and utilizing practical faculties of observation and simple powers of ambulation." *Id.* "Absent an unreasonable risk, there is no breach." *Id.* at *10.

The expansion joint in this case is similar to the steps and sidewalk in *Spears* in that an expansion joint on a sidewalk is "hardly uncommon" and does not constitute an unreasonable risk to an invitee. A Wal-Mart shopper who is "minimally attentive" and using her "practical faculties of observation" and "simple powers of ambulation" while walking across it does not face an unreasonable risk.

Finally, the Court is mindful that the video and photographs show that the expansion joint was clearly visible to the naked eye. Nor is there evidence that anyone or anything blocked Plaintiff's view. The unobstructed nature of the sidewalk, coupled with Plaintiff's testimony that she had encountered expansion joint before, absolve Wal-Mart from an obligation to warn its customers of the existence of the expansion joint or somehow anticipate that harm may befall them. As Judge Reeves noted in *Sturgeon v. Wal-Mart*, 2009 WL 2914416 (E.D. Ky. 2009), "[a]ccepting such an argument under the facts of this case would essentially require Wal-Mart to

6

become absolutely liable to all customers for nearly all injuries occurring on its property. Such is not required under applicable Kentucky law.

An ordinary sidewalk with an expansion joint is not an unreasonably dangerous condition and does not create an unreasonable risk. The pavement is typical and ordinary; it is not an unreasonable risk to be avoided or minimized. Thus, Wal-Mart did not breach its duty to maintain its premises in a reasonably safe condition and is entitled to judgment as a matter of law.

Although Plaintiff's claim fails at the first element of a negligence case, the evidence in this case also establishes that she could not successfully establish that Wal-Mart's acts or omissions were "a substantial factor" in causing her injuries; The "mere possibility of such causation is not enough." *Texaco, Inc. v. Standard*, 536 S.W.2d 136, 138 (Ky. 1975). Plaintiff must establish causation beyond "pure speculation and conjecture." *Id.*

Kentucky courts have routinely held plaintiffs to be negligent, and store owners not liable, when the plaintiff's injuries were caused by her failure to exercise ordinary care. *See, e.g. Rogers v. Professional Golfers Ass'n of Am.*, 28 S.W.3d 869 (Ky. App. 2000) (finding premises owner not liable for fall where invitee knew it had previously rained and should have known the hill-side was wet); *Humbert v. Audobon Country Club*, 313 S.W.2d 405, 407 (Ky. App. 1958) (plaintiff found negligent due to a lack of care because he was not paying attention where he was walking); *J. C. Penney Co. v. Mayes*, 255 S.W.2d 639 (Ky. 1952)(store not liable for injuries customer "brought upon herself by her lack of ordinary care for her safety" when she failed to realize where she was going and fell on a four inch step).

It is axiomatic than an invitee must generally observe the surface upon which she walks. *Humbert* at 407.

### IV.

Plaintiff has proved neither breach or causation. As such, her claim against Wal-Mart fails as a matter of law.

Accordingly, Accordingly, **IT IS HEREBY ORDERED** that Defendant Wal-Mart Stores, East, L.P.'s Motion for Summary Judgment [Docket No. 20] be **SUSTAINED**. A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 15th day of June, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge